IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**SWARTZ CAMPBELL LLC**
BY:    Vincent J. Iozzi
       Identification No. 043121987
Two Liberty Place - 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 564-5190
viozzi@swartzcampbell.com

Attorneys for Plaintiff,
Michael J. Andris

---

MICHAEL J. ANDRIS,

                 Plaintiff,

vs.

INSPIRA MEDICAL CENTERS, INC.
INSPIRA HEALTH NETWORK,
INSPIRA HEALTH MANAGEMENT
CORPORATION,
INSPIRA HEALTH CONNECTIONS, PC
INSPIRA CARE CONNECT,
CORPORATIONS A-Z, Fictitious Defendants,

                 Defendants.

NO.

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff, Michael J. Andris, by his undersigned counsel, brings this Complaint and avers as follows.

### I. INTRODUCTION

1. Plaintiff, Michael J. Andris, initiates this civil action to redress violations by Defendants of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 et seq. ("ADA"), the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq. and the New Jersey Law Against Discrimination ("LAD"), N.J.

1

Stat. §10:5-12. Plaintiff was unlawfully terminated from employment and denied reasonable accommodation of a disability as more fully set forth herein.

## II. JURISDICTION AND VENUE

2. This Court may properly maintain jurisdiction over Defendants because Defendants are incorporated or maintain their principal place of business within this jurisdiction and employed Plaintiff within this jurisdiction.

3. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiff has asserted claims which arise under the laws of the United States. This court also has diversity jurisdiction pursuant to 28 U.S.C. §1332 because it is an action between citizens of different States and involves a dispute of value in excess of $75,000.00. Further, this court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based on a common nucleus of operative facts.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 (b)(1)(2) because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted his administrative remedies (with respect to the ADA claims) because he timely filed a Charge with the Equal Employment Opportunity Commission (EEOC) and now files the instant lawsuit within ninety (90) days of having received a right to sue letter from the EEOC.

### III. PARTIES

6. Michael J. Andris ("Andris") is an individual currently residing at 4290 Tersher Drive, Doylestown, Pennsylvania 18902.

7. Inspira Medical Centers, Inc., Inspira Health Network, Inspira Health Management Corporation, Inspira Health Connections, PC, and Inspira Care Connect (individually and collectively "Inspira") and/or Corporations A-Z, are corporations organized and existing under the laws of the State of New Jersey and employed more than 20 persons at all times material hereto. Inspira's principal place of business is located at 1297 W. Landis Avenue, Vineland, New Jersey 08360.

8. Defendants Corporations A through Z are employer entities who may be liable to Plaintiff but whose precise identity has yet to be identified despite Plaintiff's diligence.

9. Inspira was an employer of Plaintiff within the meaning of the Americans with Disabilities Act, the FMLA and New Jersey LAD.

10. Upon information and belief, although Defendants are independent registered legal entities, they have overlapping management and ownership and are sufficiently interrelated and integrated in their activities, operations, labor relations and management that they may be considered as a single and/or joint employer for purposes of the instant action.

11. At all times, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein, in the course and scope of their employment with Defendants.

## IV. FACTUAL BACKGROUND

12. Andris was employed by Inspira Medical Centers, Inc. doing business as the Inspira Health Network in the capacity of Senior System Analyst from 2008 until the termination of his employment by Inspira effective June 24, 2016.

13. Shortly prior to Inspira's termination of his employment, Andris informed his direct manager, Lynn Cimino, and the Vice President of the Information Services Department, Carol Mosely, that he had been diagnosed by a neurologist with a mild cognitive impairment that is associated with memory loss.

14. On May 3, 2016, his treating physician, Sanjeev Vaishnavi, M.D., Ph.D. completed a Department of Labor (DOL) Certification of Health Care Provider Form which set forth that Mr. Andris was being treated for a neuropsychological condition of mild cognitive impairment with memory loss and that duration of the condition was "indefinite".

15. Andris provided Inspira with the completed DOL Certification prior to his termination of employment.

16. Dr. Vaishnavi opined that Mr. Andris would need to receive follow up evaluations and treatment and that such medical appointments or treatment every six months.

17. Dr. Vaishnavi identified that the memory difficulty was chronic.

18. Mr. Andris' medical condition constituted a disability within the meaning of the Americans with Disabilities Act and/or LAD.

19. Andris was qualified to perform the essential functions of his position as a Senior System Analyst with or without reasonable accommodation.

20. During the period of his employment, Andris received satisfactory performance appraisals. Prior to his termination, Andris was placed on a performance action plan and was taking the necessary steps to address issues raised by the performance action plan.

21. Defendants did not set forth a deadline for the plan, nor informed him that he was not compliant with the performance action plan.

22. Defendants were aware of plaintiff's memory deficit prior to his termination of employment.

23. Andris sought a medical leave of absence consistent with Inspira policies and the Family and Medical Leave Act to seek evaluation and treatment of his cognitive impairment consistent with Dr. Vaishnavi's assessment.

24. Andris furnished Defendants with a completed Department of Labor FMLA Certification dated May 3, 2016 in support of a request for a medical leave of absence. This certification identified that Andris was diagnosed as having a mild cognitive impairment with memory loss.

25. In June 2016, Mr. Andris accompanied by his wife, Monica Andris, participated in a meeting with Lynn Cimino and Carol Mosely to address employment options. At the meeting, Cimino and Mosely were asked by the Andris's about what type of accommodation could be offered by the Defendants to respond to Plaintiff's short-term memory loss.

26. Ms. Cimino stated that she did not know how Inspira could accommodate Andris' mental impairment and that if his condition had instead, for example, consisted of a physical restriction on standing or sitting, then the company could devise an accommodation to address his impairment.

27. Ms. Cimino made no effort to engage Mr. Andris or his physician to identify a means of accommodation to respond to Mr. Andris' memory difficulties.

28. In this conversation, Ms. Cimino belittled Mr. Andris by stating that "she should not have to repeat things" and stated that "she saw no option" to termination, notwithstanding the fact that Andris was a long-term employee with stellar performance which had only recently been the subject of a performance action plan.

29. Because the Defendants stated that there was no method to accommodate a mental impairment, the discussion about reasonable accommodation ended.

30. Defendants did not engage in a good faith interactive dialogue with Andris to identify accommodations which would have addressed his short-term memory deficit and allow him to perform the essential functions of his position to the satisfaction of the employer.

31. Reasonable accommodations existed to address a short-term memory deficit were readily available, such as for example, refraining from verbal directives and issuing written instructions, time lines, goals and instructions, that may be subsequently referenced by the employee, and would not have posed an undue

6

hardship on Defendants. Because the Defendants were not open to considering such an accommodation, it was not identified.

32. Cimino's criticism of Andris that she did not need to repeat herself evidenced a hostility, frustration or ignorance of the limitations of a person with mild cognitive impairment with short term memory loss, and her unwillingness to work with Andris to identify and implement reasonable accommodations.

33. Mr. Andris' managers did not inform him of his rights under the FMLA and discouraged him from electing to take FMLA leave stating that he would in any event be terminated upon his return from FMLA leave.

34. Mr. Andris' managers made no effort to engage in an interactive dialogue to identify options to accommodate his mental impairment and instead told him that his only viable option was to resign from employment so that he could collect unemployment compensation benefits; otherwise he would be discharged.

35. Inspira terminated or constructively discharged Andris on or about June 24, 2016 by informing him that he would be terminated upon exhaustion of FMLA leave.

36. Mr. Andris was ready, willing and able to perform the essential functions of his position and, to the extent that Defendants believed that his performance was substandard because of his memory deficit, Defendants were obligated to provide a reasonable accommodation of that impairment, which they refused to do.

37. In the alternative, Mr. Andris' managers regarded him as disabled from performing the functions of his position without considerations of their obligation of reasonable accommodation.

38. Inspira breached the duty of reasonable accommodation imposed on Inspira by discouraging the taking of medical leave, by not engaging in an interactive dialogue with Andris or his physician to identify means of reasonable accommodation to allow him to perform the essential functions of his position or to consider him for vacant positions within the company for which he would be qualified.

## COUNT I-Violation of the Americans with Disabilities Act v. All Defendants [Actual/Perceived/Record of Disability-Disparate Treatment]

39. Plaintiff incorporates the allegations of paragraphs 1 through 38 as if fully set forth herein.

40. Plaintiff suffered from a health condition which constitutes a "disability" under the ADA which substantially restricted the performance of a major life activity, short term memory and mild cognitive impairment.

41. Plaintiff requested a reasonable accommodation of his disability.

42. Defendants refused to consider reasonable accommodations for his disability because it was a mental impairment.

43. Defendants did not in good faith, engage in an interactive dialogue with Plaintiff to identify a means of reasonable accommodation.

44. Defendants terminated or constructively discharged Plaintiff from employment because of his disability; specifically, their frustration with the fact

8

that Andris had a short-term memory deficit which they inappropriately believed imposed burdens on their supervision of Andris or in his performance of job duties.

45. Plaintiff was satisfactorily performing the essential functions of his position.

46. Defendants terminated or constructively discharged Plaintiff from employment based on their incorrect perception that he was not able to perform the essential functions of his position because of his "disability" whereas, in fact, Andris was satisfactorily performing his job duties.

47. Defendants did not inform Andris that his job performance merited termination of employment.

48. Plaintiff believes and, therefore, avers that he was terminated from Defendants' employment because of his known and/or perceived disability; or because of his record of impairment.

### COUNT II-Violation of the Americans with Disabilities Act
### (Breach of the Duty of Reasonable Accommodation)

49. Plaintiff incorporates the allegations set forth in paragraph 1 through 48 as if fully set forth herein.

49. Plaintiff requested a reasonable accommodation of his disability.

50. Defendants refused to discuss or consider reasonable accommodations for his disability because it was a mental impairment.

51. Defendants did not in good faith, engage in an interactive dialogue with Plaintiff to identify a means of reasonable accommodation for Plaintiff's short-term memory loss.

9

52. Although Plaintiff was qualified to perform the essential functions of his position, he needed Defendant to provide a reasonable accommodation of his short-term memory loss in order not to be subject to Defendant's criticisms of his job performance.

53. Defendant terminated or constructively discharged Plaintiff from employment to avoid the necessity of providing a reasonable accommodation of his disability.

54. Plaintiff believes and, therefore, avers that he was terminated from Defendants' employment because of his request for an accommodation of his disability, mild cognitive impairment with short term memory loss.

## COUNT III-Violation of New Jersey Law Against Discrimination
## [Actual/Perceived/Record of Disability-Disparate Treatment]

55. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 54 as if fully set forth herein at length.

56. Plaintiff suffered from a health condition which constitutes a "disability" under the ADA which substantially restricted the performance of a "major life activity" as defined by EEOC regulations, to wit, short term memory loss and mild cognitive impairment.

57. Plaintiff requested a reasonable accommodation of his disability.

58. Defendants refused to consider a reasonable accommodation for his disability because it was a mental impairment.

59. Defendants did not in good faith, engage in an interactive dialogue with Plaintiff to identify a means of reasonable accommodation.

60. Defendants terminated or constructively discharged Plaintiff from employment because of his disability; specifically, their frustration with the fact that Andris had a short-term memory deficit which they inappropriately believed imposed burdens on their supervision of Andris.

61. Defendants terminated or constructively discharged Plaintiff from employment based on their incorrect perception that he was not able to perform the essential functions of his position because of his "disability" whereas, in fact, Andris was able to perform the essential functions of his position

62. Plaintiff believes and, therefore, avers that he was terminated from Defendants' employment because of his known and/or perceived disability; or because of his record of impairment.

## COUNT IV-Violation of New Jersey Law Against Discrimination (Breach of the Duty of Reasonable Accommodation)

63. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 62 as if fully set forth herein at length.

64. Plaintiff requested a reasonable accommodation of his disability.

65. Defendants refused to discuss or consider reasonable accommodations for his disability because it was a mental impairment.

66. Defendants did not in good faith, engage in an interactive dialogue with Plaintiff to identify a means of reasonable accommodation for Plaintiff's short-term memory loss.

67. Although Plaintiff was qualified to perform the essential functions of his position, he needed Defendant to provide a reasonable accommodation of his

11

short-term memory loss in order not to be subject to Defendant's criticisms of his job performance.

68. Defendant terminated or constructively discharged Plaintiff from employment to avoid the necessity of providing a reasonable accommodation of his disability.

69. Plaintiff believes and, therefore, avers that he was terminated from Defendants' employment because of his request for an accommodation of his disability.

## COUNT V-Violation of the Family and Medical Leave Act

70. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 69 as if fully set forth herein at length.

71. Plaintiff was an eligible employee under the terms of the FMLA, 29 U.S.C. §2611 (a)(i)(ii).

72. Plaintiff requested leave from Defendants with whom he had been employed for at least twelve months and had worked more than 1,250 hours pursuant to the requirements of 29 U.S.C. §2611 (2)(i).

73. Defendants are engaged in an industry affecting commerce and jointly individually or jointly employ fifty or more employees for each working day during each of the twenty or more calendar work weeks in the current or preceding calendar year of 2016.

74. Plaintiff was entitled to leave for a total of twelve weeks on a block or intermittent basis.

75. Defendants committed interference and/or retaliation violations of the FMLA by not approving a request for leave despite receiving the DOL Certification; by informing Plaintiff that he would be terminated from employment under any circumstance upon expiration of FMLA leave and by informing him that it was in his interest to collect unemployment compensation benefits in lieu of taking FMLA leave and then be subject to termination. These actions constituted an interference with his right to protected leave under the FMLA.

**WHEREFORE**, Plaintiff respectfully requests the Court to:

(1) Enter judgment in favor of Plaintiff and against Defendants for back pay in the amount of wages and fringe benefits which Plaintiff would have earned and been entitled to receive but for the unlawful actions of Defendants;

(2) Award front pay and future loss of earnings and fringe benefits which Plaintiff would earn but for the unlawful actions of Defendants;

(3) Award liquidated damages as permitted under the FMLA;

(4) Enter judgment in favor of Plaintiff and against Defendants for compensatory damages and punitive damages as allowable by law, including but not limited to damages for humiliation, emotional distress;

(5) Any and all other equitable relief as the Court deems just, proper and appropriate; and

(6) An award of reasonable attorney fees, costs and interest.

PLAINTIFF REQUESTS A TRIAL BY JURY TO THE EXTENT ALLOWED BY APPLICABLE LAW.

### Certification Pursuant to Local Rule 11.2 and 28 U.S.C. § 1746

I declare under the penalty of perjury under the laws of the United States of America that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration of administrative proceedings.

SWARTZ CAMPBELL LLC

_____
Vincent J. Iozzi
Attorneys for Plaintiff

Two Liberty Place - 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 564-5190
viozzi@swartzcampbell.com